UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RING'S END INC. and FEDERAL, | : | |
| INSURANCE COMPANY, | : | |
|     Plaintiffs, | : | 3:16-cv-375 (VLB) |
| | : | |
| v. | : | |
| | : | |
| BLACK AND DECKER (U.S.), INC., | : | August 25, 2017 |
|     Defendant. | : | |

## MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE [DKT. NOS. 43-45]

### I. Introduction

Plaintiffs Ring's End Inc. and Federal Insurance Company bring this action for negligence arising out of an injury which non-party Robert Purciello suffered at one of Defendant Black & Decker, Inc.'s stores. On July 28, 2017, the Defendant filed three motions in limine challenging four categories of evidence offered for trial. [Dkt. Nos. 43-45]. These four categories include (1) the testimony of Joe DeStefano; (2) photographs of a display case taken one month after Mr. Purciello was injured; (3) references to the alleged existence and spoliation of video surveillance evidence; and (4) the testimony of Rita Purciello. For the reasons that follow, Defendant's Motion in Limine [Dkt. No. 43] is GRANTED, Defendant's Motion in Limine [Dkt. No. 44] is GRANTED IN PART and DENIED IN PART, and Defendant's Motion in Limine [Dkt. No. 45] is GRANTED.

### II. Standard of Review

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted

1

evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) (internal citations omitted). "A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) (internal citations omitted). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* "A district court's *in limine* ruling 'is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer.'" *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

III. <u>Testimony of Joe DeStefano</u>

The Plaintiffs stated in the Joint Trial Memorandum that Mr. DeStefano would "testify as to investigation of the loss, [and] photographs of the interior of the store following the incident." More specifically, they state that Mr. DeStefano will provide "critical evidence as to the physical characteristics" of a display case over which Mr. Purciello claims that he tripped, including "the fact that the space between the underside of the display case and the floor was sufficient for an individual to catch his foot and trip." [Pl. Opp at 4]. Plaintiffs also intend to offer Mr. DeStefano's testimony regarding the feasibility of repositioning the display case within the store. [Pl. Opp. at 5]. Defendants seek to exclude this testimony as undisclosed expert testimony, and evidence of subsequent remedial measures.

2

Evidence regarding the "physical characteristics" of the display case may take a few forms, including: (1) opinion testimony regarding the feasibility and desirability of changing the display's placement and orientation within the room; (2) opinion testimony regarding whether an individual could injure himself on the display case; or (3) a plain description or depiction of the shape, size, and orientation of the display. The Court will address each category in turn.

Opinion testimony by lay witnesses is only admissible if it is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Absent an offer of proof that Mr. DeStefano was present when Mr. Purciello injured himself, testimony regarding the cause of this injury cannot be "rationally based on the witness's perception" as required under Federal Rule of Evidence 701(a). The Plaintiff readily accedes that Mr. DeStefano was not present during the incident, and did not observe the scene or the display until more than one month had elapsed.

Because Mr. Purciello did not observe the incident, he may only develop an opinion that the display case caused Mr. Purciello's injury based on observations discernable to the average person, in which case his testimony would not be an aid to the jury.

Alternatively, his opinion would have to be based on "scientific, technical, or other specialized knowledge," Fed. R. Evid. 701(c). *See also*, Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to

support a finding that the witness has personal knowledge of the matter . . . . This rule does not apply to a witness's expert testimony under Rule 703."). This renders Mr. Purciello an expert witness, and subjects him to the disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure and to Rules 702-705 of the Federal Rules of Evidence.

Rule 26(a)(2) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Because Mr. DeStefano is an employee investigator whose duties do not appear regularly to involve giving expert testimony, the Plaintiffs were required to disclose: (1) "the subject matter on which the witness is expected to provide evidence under Rule 702, 703, or 705"; and (2) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). These disclosures must be made at the time specified in the Court's scheduling order, or absent a stipulation or court order, "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D).

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or harmless." The Court set a deadline for the close of discovery, including the completion of the depositions of expert witnesses, of April 14, 2017. The Joint Trial Memorandum was due on July 28, 2017. Plaintiffs did not provide any expert disclosures to the Defendant, and

4

offers the Court no excuse for failing to do so. Although the Defendants deposed Mr. DeStefano during discovery, by failing to make the required expert disclosures, the Defendant was denied the opportunity to examine Mr. DeStefano's qualifications or the basis of his expertise, and was denied the ability to engage a rebuttal expert. Because Mr. DeStefano can only offer expert opinions as to (1) the desirability of changing the display's placement and orientation within the room; and (2) whether an individual could injure himself on the display case, and the Plaintiffs did not disclose him as an expert on these topics, his testimony on these topics must be excluded.

Plaintiffs also argue that Mr. DeStefano has personal knowledge of the feasibility of reorienting the display case and the shape, size, and orientation of the display, because he observed the display during his investigation. However, his description of the shape and size of the display case is not needed because the parties plan to show the jury photographs of the display case, the Defendant has stipulated to the display case's dimensions, and Mr. Purciello will be able to explain how it allegedly contributed to his injury. The probative value of additional testimony from Mr. DeStefano on this topic will therefore be substantially outweighed by the likelihood that this evidence would be a waste of the jury's time, unduly persuasive and confusing to the jury, and needlessly cumulative, and should therefore be excluded pursuant to Federal Rule of Evidence 403.

Similarly, Plaintiff's testimony regarding the orientation of the display is inadmissible pursuant to Rules 403, 406, and 407. Mr. DeStefano is not

competent to testify regarding the orientation of the display when the incident occurred, because he was not present and has no personal knowledge of its location or orientation. The Defendant has not disputed that the display case was moveable, so additional testimony from Mr. DeStefano to that effect is inadmissible as needlessly cumulative pursuant to Rule 403.

To the extent Plaintiffs seek to offer testimony that the display case was relocated *after* the incident, such evidence must be excluded pursuant to Federal Rule of Evidence 407. Rule 407 states, "When measures are taken that would have made an earlier injury of harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence." Evidence of subsequent remedial measures is only admissible if a party denies that such remedial measures were feasible. *See Everts v. Altec Industries, Inc.*, 159 Fed. Appx. 284, 286 (2d Cir. 2005) (holding that "subsequent remedial measures were not admissible to prove feasibility of alternative designs, as that issue remained undisputed"). Because the Defendant has not disputed that the display case may be moved, evidence that the display case was moved after the incident is inadmissible. Plaintiff's motion in limine to exclude Mr. DeStefano's testimony is therefore GRANTED.

IV. <u>Plaintiffs' Proposed Exhibit 20</u>

In connection with Mr. DeStefano's testimony, the Plaintiffs intend to offer several photographs of the display case, which were taken on March 13, 2017 and March 17, 2014, over one month after Mr. Purciello's February 7, 2014 injury, and which show the display in different angles and orientations than similar

6

photographs taken by the Defendant immediately after the incident. [Pl. Opp. at 1, 5]. The Defendants seek to exclude these photographs under Rule 407. Unredacted, these photographs do constitute evidence of subsequent remedial measures, because they appear to show that the display case had been relocated after Mr. Purciello was allegedly injured. However, the Plaintiffs are correct that these photographs show more angles of the display case than are visible in the Defendant's own proposed exhibits. The photographs would therefore assist the jury in determining whether or how Mr. Purciello's injury could have occurred. The Court similarly finds that images of the display case in different locations within the store are not evidence of subsequent remedial measures if all references to the dates the photographs were taken are removed, and no witness reveals when the photos were taken. Undated photographs of the display case in different locations within the store are not unduly prejudicial, particularly because the Defendant does not challenge the feasibility of relocating the display case.

Defendant's motion in limine to exclude Plaintiff's proposed Exhibit 20 is therefore GRANTED to the extent it seeks to exclude evidence that the display case was moved after the incident, but DENIED to the extent it seeks to exclude photographs showing the display case in different locations within the store. Plaintiffs may offer as evidence a version of their proposed Exhibit 20 with the date stamps redacted.

V. **Evidence of Spoliation**

**Defendanta asks the Court to exclude evidence that the Defendant had video of Mr. Purciello's fall, refused to produce a copy of the video, and spoliated this evidence. The Plaintiffs have not objected to this motion. The Plaintiffs initially included allegations of spoliation in their complaint, but stipulated to a dismissal of this claim on June 1, 2017, after conducting discovery on the issue. As the Plaintiffs are no longer asserting this claim, and have identified no evidence for the Court in support of this claim, the suggestion that any video evidence existed could indeed confuse the jury, and could cause the jury to speculate as to why they are not shown video of the incident and to unfairly attribute improper motives to the Defendant. This would be more prejudicial than probative and must therefore be excluded pursuant to Federal Rule of Evidence 403. Defendant's motion to exclude testimony regarding the alleged existence or spoliation of video of the incident is therefore GRANTED.**

VI. **Testimony of Rita Purciello**

**Defendants moved to exclude the testimony of Mr. Purciello's wife, Rita Purciello, to which the Plaintiffs have not objected. The Court agrees with the Defendant that Mrs. Purciello has no personal knowledge regarding the manner in which Mr. Purciello was injured as she was not present at the time of his alleged fall. Her allegation regarding the spoliation of video evidence is similarly unfounded, because she had no access to the Defendant's security footage, and therefore had no way of determining that any such footage existed. The Court**

GRANTS the Defendant's motion to preclude Mrs. Purciello's testimony, because it is inadmissible under Federal Rule of Evidence 602.

VII. Conclusion

For the foregoing reasons:

1. Defendant's Motion in Limine to Prohibit Any Reference to a Surveillance Video System, Video of the Fall, or Destruction of Evidence [Dkt. No. 43] is GRANTED.

2. Defendant's Motion in Limine to Prohibit Plaintiffs from Discussing or Attempting to Introduce into Evidence Information or Testimony Relating to the Location of the Display Case After the Alleged Incident, Including the Photographs Identified as Exhibit 20 [Dkt. No. 44] is GRANTED IN PART to the extent it seeks to exclude evidence that the display case was moved after the incident, and DENIED IN PART to the extent it seeks to exclude versions of Plaintiff's proposed Exhibit 20 with the dates redacted.

3. Defendant's Motion in Limine to Preclude the Testimony of Rita Purciello and Joe DeStefano [Dkt. No. 45] is GRANTED.

                                        IT IS SO ORDERED.

                                        \_\_\_\_/s/_____

                                        Hon. Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: August 25, 2017